**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYANT WALKER,** *on his own* | : | **CIVIL ACTION** |
| *behalf and on behalf of other similarly* | : | |
| *situated persons* | : | **NO. 21-5381** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CMG MORTGAGE, INC.,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                        AUGUST 9, 2022

# MEMORANDUM OPINION

## INTRODUCTION

In this civil action, Plaintiff Bryant Walker ("Plaintiff"), on his own behalf and on behalf of other similarly situated persons, asserts claims against Defendant Cenlar, FSB ("Cenlar"), for violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*[1] [ECF 13]. Before this Court are Cenlar's motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted, filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), [ECF 17], Plaintiff's response in opposition, [ECF 22], and Cenlar's reply [ECF 25]. The issues raised in the motion to dismiss have been fully briefed and are ripe for disposition. For the reasons set forth, Cenlar's motion to dismiss is denied.

## BACKGROUND

When ruling on a motion to dismiss for failure to state a claim, the court must "accept all of the complaint's well-pleaded facts as true . . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203,

---

[1]        Plaintiff has also asserted claims against Defendant CMG Mortgage, Inc. under the Real Estate Settlement Procedure Act ("RESPA"). CMG has moved to dismiss those claims. [ECF 26]. CMG's motion will be resolved separately.

210–11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The pertinent facts

from Plaintiff's operative complaint are summarized as follows:

> On or about January 16, 2019, Plaintiff purchased a home in Folcroft, Pennsylvania, a borough of Delaware County, with a Federal Housing Administration (FHA) loan from Austin Capital Bank with servicing by Freedom Mortgage.  In December 2019, the loan was refinanced with Success Mortgage Partners, Inc.  The servicing rights on the loan were subsequently transferred to Defendant CMG Mortgage, Inc. ("CMG") in January 2021.

> On June 22, 2021, Plaintiff received a letter, appearing to be from CMG, notifying him that the servicing of his loan had been transferred.  Plaintiff was confused by the letter because it "did not reflect a nominal change in the identity of the servicer" but, instead, appeared merely to notify Plaintiff of CMG's new mailing address.  (Am. Compl. ¶ 23).  The letter listed "CMG's name as servicer but using Cenlar's address." (*Id.*).  However, Plaintiff later discovered that Cenlar had actually become "the effective sub-servicer on behalf of CMG." (*Id.*).

> On that same date, Cenlar sent multiple letters to Plaintiff using CMG's name.  In the letters, Cenlar indicated that Plaintiff's loan was in arrears and demanded payment.  Plaintiff disputes that the loan was in arrears.  However, Plaintiff separately acknowledges that his loan was in default when Cenlar acquired its servicing responsibilities.  Specifically, Plaintiff alleges that his loan was in default pursuant to the terms of his mortgage agreement, which required the timely payment of property taxes on Plaintiff's behalf from the escrow account.  As a result of CMG's failure to timely make said payments, Plaintiff incurred late fees totaling $217.10.  Plaintiff alleges that, pursuant to the terms of his mortgage, the late property tax payments placed his loan in default at the time that Cenlar acquired the servicing rights.[2]

## LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can

be granted. Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Courts "must

---

[2]      To his amended complaint, Plaintiff attached a Consent Order from the Office of the Comptroller of the Currency ("OCC") of the U.S. Department of Treasury.  In this Consent Order, the OCC indicates that Cenlar engaged in "unsafe and unsound practices with respect to . . . default and servicing operations." (Am. Compl. Ex. 1, at p. 2).

take all of the factual allegations in the complaint as true." *Id.* Under the motion to dismiss standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Fowler*, 578 F.3d at 213 (internal citations omitted).

**DISCUSSION**

As noted, Plaintiff asserts claims under the FDCPA, alleging that Cenlar violated various provisions of the statute by, *inter alia*, "using false, deceptive, misleading, harassing, and abusive practices in connection with [its] attempt to collect on alleged consumer debt." (Am. Compl. ¶ 1). To allege a viable FDCPA claim, a plaintiff must allege facts sufficient to plausibly show that:

> (1) plaintiff is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

*St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). Cenlar argues that Plaintiff failed to allege facts sufficient to meet the second and fourth elements, *i.e.*, that Cenlar is a debt collector and that Cenlar has violated a provision of the FDCPA in attempting to collect the debt. This Court will address each argument in turn.

### *Cenlar's Debt Collector Argument*

Cenlar argues that Plaintiff has not alleged sufficient facts to plausibly show that Cenlar is a "debt collector" subject to liability under the FDCPA. Generally, the FDCPA provides a private cause of action to protect against abusive practices by debt collectors. 15 U.S.C. § 1692(e).

Relevant here, the FDCPA defines the term "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[3]  The statute, however, provides several exceptions to that definition.  *Id.* § 1692a(6)(F).  Notably, the term "debt collector" does not include:

> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement, [hereinafter, the "Incidental Exception"]; . . . (iii) concerns a debt which was not in default at the time it was obtained by such person, [hereinafter, the "Default Exception"].

*Id.* § 1692a(6)(F)(i), (iii).  Cenlar argues that the facts pleaded in Plaintiff's amended complaint place Cenlar within both of these exceptions and, therefore, Cenlar is not a debt collector subject to liability under the FDCPA.  Cenlar is, however, mistaken.

## I.     *The Default Exception*

Cenlar argues that Plaintiff has not sufficiently pleaded that his loan was in default and, therefore, the Default Exception applies to exclude Cenlar from the definition of debt collector.  It is well settled that mortgage servicers, like Cenlar, are not debt collectors under the FDCPA *unless* the loan in question was in default at the time the servicer acquired servicing responsibilities.  *See, e.g., Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 587–88 (D.N.J. 2016); *Beard v. Ocwen Loan Servicing, LLC*, 2018 WL 638455 (M.D. Pa. 2018); *McAndrews v. Deutsche Bank Nat'l Trust Co.*, 977 F. Supp. 2d 440, 448 (M.D. Pa. 2013).  Here, however, Plaintiff alleges facts sufficient to plausibly show that his debt was in default at the time Cenlar acquired its servicing responsibilities.  Specifically, Plaintiff alleges that "[w]hen Cenlar acquired the servicing and

---

[3]     The statute provides an alternative definition, including "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C.A. § 1692a(6).  Neither party argues that this alternative definition applies.

collection rights . . . the loans were in default or believed by Cenlar to be in default." (Am. Compl. ¶ 66).

In addition, Plaintiff provides specific facts to support his allegation that his loan was in default. Plaintiff's amended complaint outlines the due dates for his property taxes and the dates when the taxes were actually paid. (*Id.* ¶¶ 16–18, 21–26). According to this timeline, the taxes were paid late, placing Plaintiff's loan in default prior to Cenlar's acquisition of the servicing rights. At this stage of the litigation, when the Court must accept Plaintiff's factual allegations as true, Plaintiff's multiple assertions that his loan was in default at the time that Cenlar acquired the servicing rights and his inclusion of facts to support a default are sufficient to plausibly show that the Default Exception does not apply to Cenlar.[4]

II. *The Incidental Exception*

Cenlar also argues that it is not a debt collector because its debt collection activities were "incidental to [its] bona fide fiduciary obligation" to CMG, thereby triggering the Incidental Exception. 15 U.S.C. § 1692a(6)(F)(i). To fall within this exception, a defendant must be a fiduciary[5] and its debt collecting activities must be "incidental" to its fiduciary obligations. Debt collection activities are incidental if they are not "'central' to, or the 'primary purpose of,' an

---

[4]      Cenlar argues that Plaintiff effectively conceded that his loan was never in default by stating that Cenlar was attempting to collect "sums not due." It is well settled, however, that a plaintiff can plead claims and theories for recovery in the alternative. Fed. R. Civ. P. 8(d)(2); *see also Stockton E. Water Dist. v. United States*, 583 F.3d 1344 (Fed. Cir. 2009) (holding that plaintiff could plead two alternative theories for recovery, even if the two theories were inconsistent); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1257 (4th ed. 2022). Such disputed facts are best resolved through discovery.

[5]      Relevant case law suggests that the requisite fiduciary relationship to invoke this exception must be between the entity who is owed the debt and the alleged debt collector (here, Success Mortgage Partners, Inc., and Cenlar), rather than between the two servicers (CMG and Cenlar) as Cenlar argues, or between the servicer and homeowner as Plaintiff argues. *See Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1034 (9th Cir. 2009); *Raburn v. Cmty. Mgmt., L.L.C.*, 761 F. App'x 263, 266–67 (5th Cir. 2019); *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1302-03 (11th Cir. 2012); *Donohoue v. Reg'l Adjustment Bureau, Inc.*, 2013 WL 607853, at *7 (E.D. Pa. Feb. 19, 2013); *Solberg v. Victim Servs., Inc.*, 415 F. Supp. 3d 935, 948–49 (N.D. Cal. 2019).

entity's fiduciary obligations." *Harris*, 702 F.3d at 1302 (quoting *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 377–78 (4th Cir. 2006)).

In support of its argument, Cenlar relies on a number of cases that are distinguishable from the instant matter based on their facts and their procedural history. First, none of Cenlar's cited cases involved a servicer or sub-servicer of a loan, but rather involved different types of entities. *See, e.g.*, *Raburn*, 761 F. App'x at 264 (property management company); *Harris*, 702 F.3d at 1300 (same); *Jones v. Baugher*, 689 F. Supp.2d 825, 832 (W.D. Va. 2010) (LLC formed for purpose of property ownership); *Yu v. David A. Dye Co., LPA*, 2020 WL 5407981 (S.D. Ohio Sept. 8, 2020) (third-party management agent for homeowners' association); *Rowe*, 559 F.3d at 1032 (guaranty agency).[6]

More significantly, in all but one of the cited cases, the courts addressed the Incidental Exception at the summary judgment rather than motion to dismiss stage. As such, the courts considered evidence produced over the course of discovery to determine whether the defendants' debt collection activities were "incidental" to other responsibilities.[7] Here, though Plaintiff has alleged that Cenlar engaged in activities other than debt collection, it would be premature, at this stage in the proceedings, to determine whether Cenlar's debt collecting activities were "incidental"

---

[6]    In the only case cited by Cenlar involving a servicer, *McAndrew v. Deutsche Bank National*, the defendant was found not to be a debt collector because the loan was not in default at the time, thus turning on the Default Exception, *not* the Incidental Exception. *See* 977 F. Supp.2d 440 (M.D. Pa. 2013). In fact, there is no mention of the Incidental Exception in *McAndrew*.

[7]    The only case cited by Cenlar in which the Incidental Exception was considered at the motion to dismiss stage was *Fisher v. Congress Title*, 247 F. App'x 372 (3d Cir. 2007). In *Fisher*, the district court dismissed FDCPA claims against a title company because the plaintiff failed to allege any facts under which the defendant could be deemed a debt collector. *Id.* at 373. As discussed above, Plaintiff has alleged facts sufficient to place Cenlar within the general definition of a debt collector. In addition, Cenlar's bald citation to *Fisher* for the proposition that "the [FDCPA] excludes from the definition of 'debt collector' activity incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement" is misplaced and taken out of context. Though the *Fisher* court referenced and quoted the Incidental Exception portion of the statute, it did not address it or rely upon it in its decision.

to its other responsibilities.  *See Muir v. AM Sols, LLC*, 2019 WL 3530521 (E.D. Pa. Aug. 1, 2019)

(finding at the motion to dismiss stage that the defendant's debt collection activities were central,

not incidental, to its fiduciary duty to the lender because courts must construe evidence in

plaintiffs' favor and accept allegations by plaintiffs about defendant's activities as true).  As such,

Defendant's motion to dismiss, to the extent premised on this exception, is denied.

### *Cenlar's Materiality Argument*

In the amended complaint, Plaintiff claims that Cenlar violated § 1692e [8] of the FDCPA

when it misrepresented its identity to Plaintiff in debt collection letters.  Specifically, Plaintiff

---

[8]     Though Plaintiff asserts his claims under § 1692d, e, and f, Cenlar directs its materiality argument
only to Plaintiff's claims under § 1692e.  Cenlar makes no pleading challenge to the claims under § 1692d
or e, other than his debt collector challenge addressed above.  Section 1692e states, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
>
> ***
>
> (2) The false representation of—
>        (A) the character, amount, or legal status of any debt; or
>        (B) any services rendered or compensation which may be lawfully
>        received by any debt collector for the collection of a debt.
>
> ***
>
> (10) The use of any false representation or deceptive means to collect or
> attempt to collect any debt or to obtain information concerning a
> consumer.
>
> ***
>
> (14) The use of any business, company, or organization name other than
> the true name of the debt collector's business, company, or organization.

In addition, Plaintiff alleges that Cenlar's demanding of "sums not due" is also a violation § 1692e,
because Cenlar is required to send "accurate periodic statements to Plaintiff."  (Am. Compl. ¶ 76).  In doing
so, Plaintiff appears to argue both that his loan was in default and that his loan was not in default.  Despite
this apparent contradiction, Plaintiff has alleged sufficient facts to support his allegation that his loan,
according to Cenlar, was in default.  *See supra* pp. 4–5.

contends that the letters purported to be from CMG when, in fact, they were from Cenlar.  Cenlar argues that Plaintiff's claims should be dismissed because, as alleged, the statements were not misrepresentations and, regardless, they were not material.

Section 1692e prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  In *Jensen v. Pressler & Pressler*, the United States Court of Appeals for the Third Circuit (the "Third Circuit") made clear that any false, deceptive, or misleading statements made by debt collectors must be material to be actionable under the FDCPA.  791 F.3d 413, 418 (3d Cir. 2015).  The Third Circuit explained:

> [T]he materiality requirement is simply a corollary of the well-established "least sophisticated debtor" standard. . . . Accordingly, a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes. . . . [A] debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material . . . Thus, a statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor."

*Id.* at 418, 421 (citing *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015)); *see also Richardson v. Shapiro & Brown, LLP*, 751 F. App'x 346 (4th Cir. 2018) ("The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer.").  However, the *Jensen* court noted that the bar for materiality is not "particularly high" and thus "effectuates the purpose of the FDCPA by precluding *only* claims based on hypertechnical misstatements under § 1692 that would not affect the actions of even the least sophisticated debtor."  791 F.3d at 422 (emphasis added).

Here, Plaintiff further alleges that Cenlar misrepresented its identity as CMG in the various debt collection letters to Plaintiff.  Notably, this alleged conduct, which this Court must accept as true at this stage, falls squarely within the statute's list of conduct that constitutes an actionable

"violation." Specifically, § 1692e provides, in relevant part: "[T]he following conduct is a violation of this section . . . (14) the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14). Moreover, Plaintiff has alleged facts to show that this misrepresentation as to Cenlar's identity affected Plaintiff's own decision-making process. Specifically, Plaintiff alleges that the misrepresentation confused him with respect to what entity he should contact to address his disputes. (Am. Compl. ¶ 34). He also alleges that he initially communicated with CMG, rather than Cenlar, because he was unaware of Cenlar's involvement. (*Id.* ¶ 29). These alleged facts are sufficient as this stage to meet the materiality requirement.

Nevertheless, Cenlar argues that its purported representation about its identity was not actually a misrepresentation, because, according to Plaintiff's allegations, it was acting as the agent of CMG. Cenlar points to several cases with respect to the general law of principal-agent relationships, but does not cite to any cases where a misrepresentation by an agent as to its true identity was found to be immaterial. As noted, the statute specifically deems it a violation for a debt collector to misrepresent its identity and makes no distinction between agents and principals. In light of this express provision and Plaintiff's allegations with respect to his reliance on the representation, this Court cannot conclude that Cenlar's alleged misrepresentation of its identity was immaterial. *Cf. Sheriff v. Gillie*, 578 U.S. 317, 327 (2016) (holding that "[a] debt collector may not lie about his institutional affiliation"). As such, Cenlar's motion to dismiss is denied.

**CONCLUSION**

For the reasons set forth, this Court finds that Plaintiff has pleaded sufficient facts in the amended complaint to state a claim upon which relief can be granted against Cenlar. Accordingly, Cenlar's motion to dismiss is denied.    *NITZA I. QUIÑONES ALEJANDRO*, J.

9