IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYANT WALKER,** *on his own behalf and on behalf of other similarly situated persons* | : : : | **CIVIL ACTION** |
| *Plaintiff* | : : | **NO. 21-5381** |
| **v.** | : : | |
| **CMG MORTGAGE, INC.,** *et al.* *Defendants* | : : | |

# ORDER

**AND NOW**, this 16th day of November 2023, upon consideration of the *motion for summary judgment* filed by Defendant CMG Mortgage, Inc. ("CMG") pursuant to Federal Rule of Civil Procedure 56, [ECF 62], Plaintiff's response in opposition, [ECF 73-2], and CMG's reply, [ECF 78], it is hereby **ORDERED** that the motion for summary judgment is **DENIED**.[1]

---

[1] Plaintiff Bryant Walker ("Plaintiff"), on his own behalf and other similarly situated persons, commenced this action against Defendant CMG Mortgage, Inc. ("CMG") and Cenlar, FSB ("Cenlar"). Specifically, Plaintiff's claims against CMG are based on an alleged violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2605, premised on allegations that CMG failed to make timely municipal, school, and county property tax payments on behalf of Plaintiff. Subsequently, Plaintiff dropped the failure to pay municipal and/or school taxes claims, leaving remaining his allegation that CMG failed to timely pay the county property taxes.

In its underlying motion for summary judgment, CMG argues that Plaintiff has not presented evidence sufficient to show that he has suffered actual damages, or evidence of a pattern or practice required for statutory damages under RESPA.

Federal Rule of Civil Procedure ("Rule") 56 governs summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, Rule 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party, here Plaintiff. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

RESPA is "a consumer protection statute that regulates the real estate settlement process." *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010) (citing 12 U.S.C. § 2605). Congress enacted RESPA to "[e]nsure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from . . . certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601. To maintain a viable RESPA claim, a plaintiff must present evidence to show, *inter alia*, actual harm suffered that is causally related to the mortgage servicer's actions. *See Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338,

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

364 (E.D. Pa. 2013) ("In addition to alleging a breach of duty required to be performed under RESPA, a plaintiff must also show that the breach caused him to suffer damages."). "RESPA expressly requires that the actual damages arise 'as a result of the failure' of the loan servicer to comply with the provisions of RESPA." *Davis v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 6336473, at *8 (E.D. Pa. Dec. 12, 2017) (quoting 12 U.S.C. § 2605(f)). "Actual damages encompass compensation for any pecuniary loss including such things as time spent away from employment while preparing correspondence to the loan servicer, and expenses for preparing, photocopying and obtaining certified copies of correspondence." *Benner*, 917 F. Supp. 2d at 364 (quoting *Cortez v. Keystone Bank, Inc.*, 2000 WL 536666, at *12 (E.D. Pa. May 2, 2000)).

In its motion, CMG argues that Plaintiff has not presented evidence of any type of harm, including pecuniary loss or emotional damages. CMG is mistaken. As evidence of a pecuniary loss, Plaintiff presented a real estate tax payment receipt showing that on July 20, 2021, he paid his county property taxes, including a penalty. CMG disputes whether the receipt confirms Plaintiff's actual payment of the tax as opposed to the payment of the tax by Cenlar, the subservicer of the loan. This argument, as such, creates a genuine issue of material fact.

CMG also argues that Plaintiff has failed to present the requisite evidence of a pattern or practice of RESPA violations to justify an award of statutory damages. To obtain statutory damages, Plaintiff must demonstrate a pattern or practice of noncompliance with § 2605 of RESPA. *Davis*, 2017 WL 6336473, at *7 (E.D. Pa. Dec. 12, 2017). "For statutory damages, a pattern or practice of noncompliance requires more than one alleged violation of RESPA." *Herrera v. Cent. Loan Admin. & Reporting*, 2017 WL 4548268, at *4 (D.N.J. Oct. 12, 2017) (citing *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016)). While "there is no magic number of violations that create a 'pattern or practice of noncompliance,' courts have held that two violations of RESPA are insufficient to support a claim for statutory damages." *Kapsis v. Am. Home Mortg. Servicing, Inc.*, 923 F. Supp. 2d 430, 445 (E.D.N.Y. 2013) (citing *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012); *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)); *see also Davis*, 2017 WL 6336473, at *7 (finding two instances insufficient to support a pattern or practice).

Here, Plaintiff has produced evidence where CMG violated RESPA with respect to Plaintiff, including evidence that CMG (1) failed to timely pay his 2021 Delaware County property taxes; (2) failed to timely pay his 2021 insurance premium; (3) failed to identify Cenlar's involvement in servicing his loan; (4) failed to take timely action to correct its errors; and (5) threatened Plaintiff with foreclosure and default costs by claiming he owed payments not owed. Additionally, Plaintiff provides evidence that CMG has violated various RESPA provisions on at least ten occasions with respect to another borrower and that there have been at least four complaints filed with the Consumer Financial Protection Bureau alleging multiple violations of RESPA by CMG. At this stage of the proceedings, this evidence must be viewed in the light most favorable to the non-moving party and is sufficient to create a genuine dispute of material fact as to a pattern or practice of RESPA violations. *See Grembowiec v. Select Portfolio Servicing, Inc.*, 2019 WL 3183588, at *7 (D.N.J. July 16, 2019) (finding that "at least five violations of [RESPA] . . . sufficiently stated a claim for statutory damages"); *Kapsis*, 923 F. Supp. 2d at 445 (finding that because "plaintiff has alleged more than two violations of RESPA by [defendant] . . . , as such, he has stated a plausible claim for statutory damages under RESPA").

For the reasons set forth, CMG's motion for summary judgment is denied.